IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     **FILED**     CRIMINAL ACTION

    v.

JOHN W. CATALANO     MAR 2 4 2008     NO.  08-117-1

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

MEMORANDUM

Bartle, C.J.                         March 24, 2008

      We have before us the motion of defendant, John W.
Catalano, for pre-trial release pursuant to 18 U.S.C. §§ 3142(b)
and (c).  Catalano requests that he be released upon the
execution of bail in the amount of $40,000 and posting of two
properties in Philadelphia.

      Catalano is charged along with co-defendant Thomas J.
Demilio, III with providing over $100,0000 to Melvin Michael
Selkow, another co-defendant, in violation of 18 U.S.C. §§ 892-
894.  Count one of the indictment alleges that Catalano and
Demilio conspired to use extortionate means to collect and
attempt to collect extensions of credit in violation of 18 U.S.C.
§ 894.  Count two of the indictment charges that Catalano and
Demilio aided and abetted one another in the use of extortionate
means to collect and attempt to collect extensions of credit in
violation of 18 U.S.C. §§ 894 and 892.  In Count four, the
indictment states that Catalano advanced money, and aided and
abetted the willful advancement of money, to Selkow with grounds
to believe that Selkow intended to use the money for the purposes

**ENTERED**

MAR 2 4 2008

**CLERK OF COURT**

of making extortionate extensions of credit in violation of 18
U.S.C. §§ 893 and 892.  Finally, Count five charges that Catalano
conspired with Demilio and Selkow to make extortionate extensions
of credit in violation of 18 U.S.C. § 892.  Catalano faces a
total maximum statutory penalty of 80 years imprisonment.

On February 29, 2008, the magistrate judge held an
evidentiary hearing regarding Catalano's pretrial detention.  The
magistrate judge concluded that "the government ... proved by
clear and convincing evidence that no condition or combination of
conditions will reasonably assure the safety of other persons and
the community, as required by Title 18, United States Code,
Section 3142(e)."  (Doc. No. 12).  Accordingly, Catalano was
ordered to be detained pending trial.  Catalano has now appealed
that decision to this court.  Our review is de novo.  See United
States v. Perry, 788 F.2d 100, 107 (3d Cir. 1986).

The defendant is a 58 year-old individual employed with
Catalano Brothers Construction, a company he owns and operates
with his brother.  He resides in Bensalem, Bucks County, and is
married with two adult children.  Catalano has two previous
criminal convictions, one for simple assault in 1983 and one for
larceny in 1972.

According to the indictment, Catalano and Demilio made
a number of loans to Selkow at interest rates varying between 52%
and 104% per annum.  In turn, Selkow made loans to other
individuals at an interest rate of 156% per annum.  At some
point, Selkow was unable to collect money from his borrowers and

-2-

therefore could not make payments to Catalano and Demilio.  As a result they threatened Selkow and his family with bodily harm in an effort to collect the interest due.

Selkow went to the Federal Bureau of Investigation ("FBI") when faced with these threats.  With Selkow's cooperation, the FBI was able to record several conversations between and among Selkow, Catalano and Demilio, and an FBI agent posing as a drug trafficker who owed Selkow money.  The recordings captured Catalano and Demilio threatening Selkow and his family with physical violence.  They stated that they would pay members of Local 30 of the Roofers Union and Demilio's cousins, who are known to the FBI as associates of the Philadelphia La Cosa Nostra family, to carry out those threats.  The recordings also captured a conversation between the FBI undercover agent and Catalano and Demilio during which the FBI agent paid $2,000 toward Selkow's outstanding debt.

During a search of Demilio's residence authorities seized what the government believes to be loansharking records.  Catalano's home was also searched and authorities seized $50,000 in cash, including the $2,000 the FBI undercover agent paid to Catalano and Demilio.  Government agents also found scales with cocaine residue, a large quantity of plastic bags typically used by drug dealers, small quantities of marijuana, five firearms, and two sets of brass knuckles.

The Bail Reform Act governs the issue of pretrial detention.  18 U.S.C. § 3142.  The Act provides that "[i]f, after

-3-

a hearing ... the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e). The government does not contend that Catalano is a flight risk. Thus, we must only determine if there are "conditions of release that will reasonably assure ... the safety of any other person and the community." 18 U.S.C. § 3142(g). To make that determination we must review the factors identified in § 3142(g). These factors are:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person in the community that would be posed by the person's release ....

-4-

18 U.S.C. § 3142(g).

      The government maintains that Catalano poses a threat to the community in general, and Selkow in particular. Specifically, the government cites to the recordings of Catalano's threats to Selkow and members of his family.  The government argues that there is no reason to dismiss these threats as "empty" since Catalano had numerous weapons in his home and expressed a willingness to hire others to carry out the threats.

      Catalano asserts that he is not a danger to the community.  He points to his strong family ties in the Philadelphia area and his unwillingness to risk the properties that would be posted for his release as they belong to his parents and sister and brother-in-law.  Moreover, both of Catalano's children are engaged to be married this year.  He contends that he would not jeopardize his opportunity to attend those weddings and walk his only daughter down the aisle. Catalano has also offered letters of support from friends and family members which attest to his good character.

      After reviewing the motion of Catalano and holding a hearing on the motion, we have concluded that there are no conditions or combinations of conditions of release that will assure the safety of Selkow, his family, or the community. Catalano is charged with very serious crimes that carry a maximum combined penalty of 80 years.  While there are no allegations in the indictment that Catalano actually committed any violent acts,

he did threaten violence not only to Selkow but to members of his family on multiple occasions.  These threats of violence must be taken seriously particularly when coming from a person charged with loansharking.

Second, the case against Catalano is strong.  He has been recorded by the government on several occasions discussing his loansharking activities and making threats.  At this stage no questions have been raised about the authenticity of these recordings.

Moreover, although Catalano appears to have a great deal of support of his family and friends, this fact alone does not undo Catalano's history.  He was recorded stating that he had been in the loansharking business for twenty years.  Although Catalano's two prior convictions occurred more than twenty years ago, his conviction for larceny in 1972 made unlawful his possession of the five firearms found in his home.  He also owned two sets of brass knuckles.  Further, Catalano also admits that he has been using cocaine and marijuana for approximately thirty years.  Drug paraphernalia with cocaine residue was found in Catalano's home along with small quantities of marijuana.  These factors support Catalano's continued detention.

Finally, release of Catalano is fraught with danger not only to Selkow and his family but to the community at large. Catalano threatened Selkow and his family repeatedly and the allegations in the indictment, if proven, demonstrate a readiness

-6-

to threaten violence.  Under the circumstances, the community itself is not safe.

For the foregoing reasons, we find by clear and convincing evidence that there are no conditions or combination of conditions that will reasonably assure the safety of Selkow and the community.  Accordingly, Catalano's motion for release pending trial will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA                :        CRIMINAL ACTION

                  v.                    :

JOHN W. CATALANO                        :        NO.   08-117-1

**FILED**

MAR 2 ? 2008

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

ORDER

AND NOW, this 24th day of March, 2008, after conducting a pretrial detention hearing and for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of John W. Catalano for pre-trial release is DENIED.

BY THE COURT:

_____
                              C.J.

**ENTERED**

MAR 2 4 2008

CLERK OF COURT